COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-519-CR

 

 

AUNDRE VASHAWN DAVIS                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction








Appellant Aundre Vashawn Davis appeals his
conviction for aggravated robbery with a deadly weapon.  In his sole point on appeal, Davis asserts
that the trial court erred by admitting evidence of pretrial identifications
because the identifications were the result of impermissibly suggestive
pretrial procedures.  We will affirm.

II.  Factual and Procedural Background 

Charles Lochridge was at a drive-through ATM when a man
approached his car and demanded money. 
The man pointed a gun at Lochridge=s head. Lochridge
noted the man=s face, specifically his Aprotruding eyes.@  Lochridge grabbed the barrel of the gun,
pushed it out of the car window, and drove away. 

Two days after the robbery, a detective showed Lochridge a
photospread. Lochridge did not positively identify Davis as the robber, but he
circled Davis=s photo as the Amost familiar
looking person@ in the photospread Abecause of his
eyes.@  The police were able to match Davis=s thumb and palm
prints to those found on Lochridge=s car.  

At a pretrial hearing, Lochridge was unable to positively
identify Davis as the robber.  When
Lochridge was testifying in front of the jury the next day, however, he
positively identified Davis as the robber. 








Two days before the attempted robbery of Lochridge, both
Brian Hodges and Doug Ketcham were robbed while using ATM machines during two
different incidents.  Four days later,
each identified Davis from a photographic array as the person who had robbed
them.  During the punishment phase of the
trial, the State offered evidence of Hodges=s and Ketcham=s pretrial
identifications of Davis as the person who had robbed them. 

III.  Pretrial Identification

In his sole point, Davis complains that the
in-court identification evidence of him by the three witnesses should have been
suppressed because their  ability to make
an accurate identification was tainted, which violated his due process
rights.  Davis argues that this taint was
the result of impermissibly suggestive out-of-court identification procedures
that created a substantial likelihood of mistaken identification.   








In considering the scope of due process rights
afforded a defendant with regard to the admission of identification evidence,
the court of criminal appeals  has held
that a pretrial identification procedure may be so suggestive and conducive to
mistaken identification that subsequent use of that identification at trial
would deny the accused due process of law. 
Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988), cert.
denied, 491 U.S. 910 (1989).  Hence,
the court has formulated a two-step analysis to determine the admissibility of
an in‑court identification: (1) whether the out‑of‑court
identification procedure was impermissibly suggestive, and (2) whether that
suggestive procedure gave rise to a very substantial likelihood of irreparable
misidentification.  Cantu v. State,
738 S.W.2d 249, 251 (Tex. Crim. App.), cert. denied, 484 U.S. 872
(1987).  An analysis under these steps
requires an examination of the Atotality
of the circumstances@ surrounding the particular case
and a determination of the reliability of the identification.  Id. 
The appellant bears the burden to prove, by clear and convincing evidence,
that the out-of-court identification procedure was impermissibly suggestive and
that the suggestive procedure gave rise to a very substantial likelihood of
misidentification.  Barley v. State,
906 S.W.2d 27, 32-33 (Tex. Crim. App. 1995), cert. denied, 516 U.S. 1176
(1996).  A criminal defendant who
contends on appeal that the trial court erred by allowing in‑court
identification of him by a witness has a heavy burden to sustain.  Jackson v. State, 628 S.W.2d 446, 448
(Tex. Crim. App. [Panel Op.] 1982).

Turning to the first step of the analysis,
suggestiveness may be created by the manner in which the pretrial
identification procedure is conducted, for example, by police pointing out the
suspect or suggesting that a suspect is included in the line-up or photo
array.  Barley, 906 S.W.2d at 33.  It may also be created by the content of the
line-up or photo array itself if the suspect is the only individual closely
resembling the pre-procedure description. 
Id.   A.  Witness Identification at Guilt/Innocence
Phase of Trial








Lochridge gave the police a description of the
robber, mentioning that the robber had bulging eyes and was wearing a hooded
jacket.  Two days after the robbery,
Detective Jim Ford contacted Lochridge and arranged a meeting because Detective
Ford had some photographs for Lochridge to view.  Detective Ford did not tell Lochridge that
the police had a suspect in mind.  At the
meeting, Detective Ford handed Lochridge a set of six photographs and asked
Lochridge to look at them and to determine if he recognized anyone.  The detective told Lochridge that the suspect
may or may not be among the photographs. 
Detective Ford gave Lochridge no further instructions and made no verbal
or nonverbal suggestions. Lochridge stated that he felt no compulsion to select
a particular photograph. After reviewing the photographs, Lochridge stated that
the photograph of Davis looked like the robber, but that he could not be
absolutely positive. Detective Ford did not confirm or comment on Lochridge=s
choice.  During the guilt/innocence phase
of the trial, the State admitted evidence of Lochridge=s
pretrial identification of Davis as the person who robbed him.    








Initially, Davis argues that the identification
was tainted because Detective Ford did not follow the U.S. Department of
Justice=s
guidelines that recommend a double-blind presentation of the lineup and a
sequential presentation of the photographs. 
However, as the State points out, Davis presents no authority showing
that such techniques are required, not merely suggestions.  This contention is simply inadequately
briefed and consequently presents nothing for our review.  See Tex.
R. App. P. 38.1(h); Long v. State, 137 S.W.3d 726, 737 (Tex. App.CWaco
2004, pet. ref=d).

Secondly, Davis argues that there were
three significant differences in the individual photographs that added to the
photospread=s suggestibility.  Davis points to (1) the difference in the
skin tones of the individuals depicted, (2) the fact that his face appears
larger than any of the other men=s faces
in the array, and (3) the different colored background in his and one other
individual=s photograph.  He argues that these differences added to the
suggestability of the photospread and caused Lochridge to be drawn to his
photograph.    








The record contains a copy of State=s
Exhibit 1 (the photographic array), and although the reproduction is of poor
quality, it is nonetheless undermines Davis=s
contentions.  The photographs appear
similar enough to provide a reasonable test for Lochridge to reliably identify
the robber.  See Ford v. State,
794 S.W.2d 863, 866 (Tex. App.CEl Paso
1990, pet. ref=d).  The photographs of Davis and of the others in
the array reflect great similarity in size and facial features.  In addition, all six men are
African-American.  Viewing each
photograph separately, we conclude that Davis has not demonstrated an
impermissibly suggestive array.  We hold
that the differences are less than suggestive. 
See id. (holding appellant did not demonstrate
impermissibly suggestive array when some subjects in photographic array had
longer hair than others in array).  

Additionally, the testimony was consistent that
the detective at no time indicated that a suspect was included in the
photographic array or suggested which individual to choose.  See Herrera v. State, 682
S.W.2d 313, 318-19 (Tex. Crim. App. 1984), cert. denied, 471 U.S. 1131
(1985).  We hold that neither the manner
in which the pretrial identification procedure was conducted, nor the content
of the photo array itself, was suggestive. 
See Barley, 906 S.W.2d at 33-34 (holding photo array not
suggestive when array consisted of photos of six black males of similar
features and similar heights and officer at no time indicated suspect was
included in array or suggested which individual to choose).

B.  Witness
Identification at Punishment Phase of Trial

Hodges and Ketcham were each robbed while using
ATM machines just two days before Lochridge was robbed.  During the punishment phase of the trial, the
State introduced evidence of Hodges=s and
Ketcham=s
identifications of Davis as the actor who robbed them.    








Both Hodges and Ketcham gave the police
descriptions of the robber, including height and weight estimates as well as
descriptions of the robber=s
clothing.  Four days after the robberies,
Detective Manny Reyes and Detective David Sears separately showed Hodges and
Ketcham the same photographic array. 
Neither detective suggested that the suspect was included in the
array.  And neither Hodges nor Ketcham
felt compelled to choose a photo from the line-up. 

When shown the array, Ketcham immediately
identified Davis as the person who robbed him. 
Hodges also identified Davis as the person who robbed him but stated
that the person in the picture looked heavier than the person who had robbed
him.  However, he stated that he was
ninety-nine percent certain that the individual he selected was the man who had
robbed him.  Shortly thereafter,
Detective Reyes showed Hodges the array with a recent photograph of Davis.  Hodges immediately identified Davis as the
robber.

Davis argues that these photospreads also were
tainted because the detectives did not follow the recommendations of the U.S.
Department of Justice when they obtained Hodges=s and
Ketcham=s
photographic identifications.  But again,
Davis presents no authority that such techniques are more than guidelines or
that the failure to follow them automatically taints a photospread.  Consequently, this argument is inadequately
briefed and presents nothing for our review.  See Tex.
R. App. P. 38.1(h); Long, 137 S.W.3d at 737.








Davis also argues that the content of the
photospread itself tainted the identifications because there were two
significant differences in the individuals= photos
that added to the suggestability of the identification.  Davis claims that his skin tone appears
darker and his head appears larger than the other individuals in the
photospread.  He contends that these
differences caused Hodges and Ketcham to be drawn to his photo and added to the
suggestability of the photospread. 

The record contains a copy of State=s
Exhibit 3 (the photographic array), and although this reproduction is also of
poor quality, it is nonetheless adequate to disprove Davis=s
contentions.  The similarities in
appearance are adequate to provide a reasonable test for Hodges and Ketcham to
reliably identify the robber.  See
Ford, 794 S.W.2d at 866.  Like the
photographic array shown to Lochridge, the photographs of Davis and the others
in this photographic line-up reflect great similarity.  All six men are African-American and of
similar size, build, and hair color. 
Viewing each photograph separately, we conclude that Davis has not
demonstrated an impermissibly suggestive array. 
We hold that the differences are less than suggestive.  Id.  








And finally, Davis argues that Hodges=s
viewing of the two photospreads tainted the identification because there was no
way to discern whether Hodges  identified
Davis because he believed that Davis was the person who robbed him or because
Davis=s
photograph was familiar to him due to its presence in the prior
photospread.  However at trial, Hodges
testified that he recognized Davis from the second photospread based on his
memory from the robbery and not on his previous observation of the first
photospread.    

We hold that neither the manner in which the
pretrial identification procedures were conducted nor the content of the photo
arrays themselves  was suggestive.  See Herrera, 682 S.W.2d at 318-19; Williams
v. State, 675 S.W.2d 754, 757 (Tex. Crim. App. 1984).  

Because we hold that Davis has failed to show
that any of the out-of-court identifications were impermissibly suggestive, we
need not address Davis=s contention that the pretrial
procedures resulted in a substantial likelihood of irreparable
misidentification.  See Williams, 675
S.W.2d at 757.  We overrule his sole
point.








IV.  Conclusion

Having overruled Davis=s sole
point, we affirm the trial court=s
judgment.

 

 

SUE
WALKER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: March 16, 2006











[1]See Tex. R. App. P. 47.4.